SUGG, Justice,
for the Court:
Plaintiff, George Merritt, filed an ejectment action against defendants, Mike Creel, and Tri-State Mill Supply Company, Inc., in the Circuit Court of the Second Judicial District of Jones County. Following a judgment in favor of the defendants, Merritt appealed.
The circuit court held that the 1970 tax roll for the Second Judicial District of Jones County was invalid, and the tax deed issued to Merritt did not convey title to him because the tax sale and deed were based on a void assessment.
The property involved in this lawsuit is located within the Second Judicial District of Jones County with a warehouse building on it. R. S. Edwards owned the property until his death in 1970. Following his death, it was conveyed by Edwards’ Executor to Creel in February, 1971 by warranty deed. Creel leased the property to TriState Mill Supply Company, Inc.
In September, 1971, Merritt purchased the property from Jones County at a tax sale for unpaid ad valorem taxes for the year 1970. Merritt’s tax title subsequently matured and a tax deed was issued in October, 1973.
In 1972 Mrs. Creel, the wife of defendant, Mike Creel, paid the taxes due on the property to the City of Laurel for the year 1971 and was advised that the property sold for 1970 city taxes. She redeemed the property from the 1970 sale by the city. She went to the courthouse and explained to the employees in the tax collector’s office that she wanted to pay all of the state and county taxes on the subject property and exhibited her husband’s deed to the property. She paid the 1971 state and county taxes but was not advised that the land had sold for 1970 taxes. Creel paid all taxes due the state, county and city up to the time of the trial of this cause except the 1970 tax due the state and Jones County.
The chancery clerk issued a notice to R. S. Edwards, the former owner, that the land had been sold for taxes and title would become absolute unless redeemed within the time required by law. The notice was served in August, 1973 by posting a copy on the door of Edwards’ former residence. Mississippi Code Annotated sections '27-43-1 and 27-43-3 (1972). [Amended by Miss. Gen. Laws ch. 517 (1975)].
After Merritt obtained his tax deed to the property, he contacted Creel to inform *1303 him that he had acquired title to the subject property and to discuss the possibility of selling the property back to Creel. The negotiations between the parties proved fruitless, and Merritt served notice on Creel and Tri-State Mill Supply Company to vacate the property, and subsequently filed his action for ejectment.
Miss. Gen. Laws eh. 169 (1906) provides for the division of Jones County into two separate judicial districts; Ellisville being the seat of the first district and Laurel the seat of the second district. Section 12 of Chapter 169 also provides:
It shall be the duty of the Assessor of Jones County to file with the Chancery Clerk of said county two copies each of the land and personal assessment rolls of said county, filing one of each with said Clerk at his office at Ellisville, and one of each at his office at Laurel; and said Board of Supervisors, in passing on said assessment roll, shall, at the proper meeting held by them at Laurel, approve such of said roll as shall relate to and embrace property included and being in the Second District, and at the proper meeting held in Ellisville shall approve such of said roll as shall relate to and embrace property included in the First District, in all instances acting upon said rolls, so far as the territory embraced in each of the respective districts is concerned, in the same manner as though the action or approval of the assessment rolls related to the approval thereof of different counties; and the Assessor and Clerk shall provide suitable copies of said entire rolls, as finally approved, in all instances where required by law, as though said rolls related to different counties; provided, that only one copy of each shall be required to be filed with the Auditor of Public Accounts when the rolls shall have been approved and so far as the same shall relate to each of said districts.
According to the July minutes of the Jones County Board of Supervisors the board convened in Ellisville on July 16, 1970, and approved the ad valorem tax assessment rolls of property situated in both the first and second judicial districts of Jones County, for the year 1970. The Jones County Board of Supervisors at its July meeting failed to enter any order equalizing or approving the tax rolls for property situated within the Second Judicial District of Jones County, while sitting within the second judicial district. This is contrary to the express provisions of Miss. Gen. Laws ch. 169, § 12 (1906). Any action taken by the Jones County Board of Supervisors on property situated within the second judicial district, while in session within the first judicial district, was void and of no effect.
Merritt contends that any defects in the board’s action was cured by Mississippi Code Annotated section 27-35-105 (1972):
Assessments must be approved by an order of the board of supervisors entered on the minutes; but the failure to make and enter such order shall not vitiate the assessment if it shall appear that the assessment was made according to law.
It could not be seriously argued that an order approving the roll entered by the board while sitting in another county would be valid. The 1906 statute dividing Jones County into two judicial districts has the effect of creating two counties for taxing purposes. We therefore hold that the curative statute has no application to the facts of this case because there was a total departure by the supervisors from the 1906 statute.
Because we have determined that the assessment roll was void, it is not necessary for us to notice whether there was an attempt to redeem the property or whether the notice and service of notice was sufficient under Mississippi Code Annotated sections 27-43-1 and 27-43-3 (1972).
AFFIRMED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, WALKER, BROOM and LEE, JJ., concur.